IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAE ANTHONY LORIA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | 4:23CV3231<br><br>**ORDER** |

　　　　This matter is before the Court on the government's unopposed motion to remand pursuant to Sentence Four of 42 U.S.C. § 405(g).  Filing No. 15.  Previously in this case, counsel filed a joint motion for reassignment to a magistrate judge.  Filing No. 8.  This Court denied the motion as the Court does not use magistrate judges on social security cases.  Filing No. 9.  Now, the government has filed a motion for remand to the Commissioner.  The plaintiff's counsel is agreeable to such remand.

　　　　Sentence Four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."  However, the only information the government provided in this regard is that remand will permit the Commissioner to conduct further administrative proceedings under Sentence Four.  The government does not share why the record is insufficient and why the parties would benefit from a remand, and the Court has nothing to base its decision under this request.  Without such information, the Court has no basis to know whether to remand, affirm, or reverse under these circumstances.

1

The government also asks the Court to enter a final judgment pursuant to Fed. R. Civ. P. 58.  Rule 58 is only a rule requiring a separate document for a final judgment. Again, the Court asks the question, for what purpose is the Court granting a final judgment?  If the Court were to consider this motion for remand, the parties must provide the Court with the reasons for the requested remand.  If the parties do not provide the Court with the reasoning and background for this request, the Court will deny the motion for remand and will not grant a judgment.  If the Court does grant a remand, it customarily does not enter a final judgment, but will order that the case, if it is again appealed from the Commissioner, will be related to this case, and assigned to this Judge.

Accordingly, the parties have 30 days from the date of this Order to file some plausible reasons for the remand request.  Otherwise, this case will proceed on the record before the Court, along with appropriate briefing, and the motion for remand shall be denied.

IT IS SO ORDERED.

Dated this 25th day of April, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge