IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAE ANTHONY LORIA, | |
| Plaintiff, | 4:23CV3231 |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $1,521.42 in attorney fees for 1.7 hours of attorney work in 2023 at a rate of $232.99 per hour, 2.8 hours of attorney work in 2024 at a rate of $237.62 per hour, and 4.6 hours of paralegal work at a rate of $100.00 per hour; and $402.00 in costs for the Court filing fee. Filing No. 21. Defendant does not object to an award of attorney fees and costs in this amount. Filing No. 23.

This Court issued its Memorandum and Order, reversing and remanding this case to the Commissioner. Filing No. 19. Judgment was entered regarding the same. Filing No. 20. The Commissioner did not appeal this Court's ruling.

"The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (citing 28 U.S.C. §2412(d)(1)(A)–(2)(B)). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "eliminate for the average person the financial disincentive to challenge unreasonable governmental

1

actions." *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). "The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)). To establish substantial justification, the Commissioner must show that the denial of benefits had "a clearly reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost of living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour. 28 U.S.C.A. § 2412(d)(2)(A)(ii). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii). The Plaintiff has met this burden, as the parties have agreed to these fees and costs.

The plaintiff himself, and his attorney, is the "prevailing party" contemplated by the EAJA. See *Astrue*, 560 U.S. at 594. However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of the EAJA fees and pay such fees directly to plaintiff's attorney. *Id.* at 597–98. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the

2

plaintiff to plaintiff's counsel is in effect. See *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011); *Shenk v. Berryhill*, No. 8:17CV279, 2-19 WL 2191792, at *3 (D. Neb. May 21, 2019).

The Court finds that the plaintiff has satisfied the prerequisites for an award of allowable fees under the EAJA, and his motion should be granted. The Plaintiff states he is worth less than $2,000,000.00. Filing No. 22-6. Further, the Court finds Counsel's dedication to the time and hourly rates are reasonable and finds this is a reasonable fee for work of this nature in this community.

THEREFORE, IT IS ORDERED THAT:

1. $1,521.42 in attorney fees will be paid by the Social Security Administration.
2. $402.00 in costs to be paid from the Judgment Fund administered by the United States Treasury.
3. The EAJA fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. *Astrue*, 560 U.S. 586.
4. A judgment in accordance with this Memorandum and Order shall issue this date.

Dated this 11th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge